UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv339
(3:06cr87)

| | |
|---|---|
| DANNY BECKHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1); the Government's First Motion for Summary Judgment and Memorandum in Support (Doc. Nos. 4, 5); and the Government's Second Motion for Summary Judgment and Memorandum in Support (Doc. Nos. 18 and 19). After being provided notice, Petitioner did not file a response or submit any evidence. Accordingly, this matter is ripe for decision.

I.   PROCEDURAL HISTORY

On April 26, 2006 Petitioner was charged with conspiracy to possess with the intent to distribute at least 500 grams of cocaine and at least 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846 (Count One); possession with intent to distribute at least 50 grams of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 (Count Three); using and carrying a firearm during and in relation to a drug trafficking crime, in violation 18 U.S.C. § 924(c)(1) (Count Four); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Five). (Case No. 3:06cr87: Doc. No. 1: Indictment).

On June 12, 2006, the Government filed an Information pursuant to 21 U.S.C. § 851, alleging that Petitioner had been previously convicted of a felony drug offense. (Id., Doc. No. 34). On July 31, 2006, Petitioner entered guilty pleas to Counts One, Three, Four and Five of the Indictment without the benefit of a plea agreement. A magistrate judge engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. (Id., Doc. No. 182: Plea Hr'g Tr.).

During the plea colloquy, Petitioner affirmed that he was entering his pleas of guilty to Counts One, Three, Four and Five after consultation with his attorney, that he had received a copy of the indictment and had discussed it with counsel, that his mind was clear, and that he understood that he was entering a guilty plea that could not later be withdrawn. (Id. at 3-4). The court then reviewed the elements of the offenses to which Petitioner was pleading guilty, as well as the minimum and maximum penalties he faced, which Petitioner affirmed that he understood. (Id. at 5-9).

Petitioner's counsel advised the court that Petitioner had expressed concerns about the gun charges and that in connection with his concerns, she advised him that he had a right to plead not guilty to the gun charges and guilty to the other charges. Counsel advised the court that she and Petitioner had discussed the consequences of that strategy and that Petitioner decided to enter guilty pleas to the gun charges as well as the drug charges. (Id. at 9). Petitioner then affirmed that he wanted to plead guilty to all the counts against him. (Id.) Petitioner also affirmed that he was pleading to Counts One, Three, Four and Five of the Indictment because he was, in fact, guilty of those charges. (Id. at 12).

Counsel advised that she and Petitioner discussed the possibility of his receiving credit for assistance to the Government, and that the determination of substantial assistance was within

the sole discretion of the prosecutor and that Petitioner was entering his pleas of guilty with that understanding. (Id. at 12-13). Petitioner attested that no one had threatened, intimidated, or forced him to enter his plea, that no one had promised him leniency or a light sentence in return for his plea, that he had ample time to discuss with counsel any possible defenses that he might have to the charges, and that he was entirely satisfied with the services of his attorney. (Id. at 13). Petitioner also attested that he knew and understood "all parts" of the proceeding and that he wanted to plead guilty. (Id.). Counsel further advised the court that she had reviewed the consequences of the guilty plea with the Petitioner and was satisfied that he understood those consequences and knew what he was doing. (Id. at 14). The magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted Petitioner's guilty plea. (Id. at 14-15).

On August 30, 2007, this Court conducted Petitioner's sentencing hearing. Petitioner re-affirmed his guilt to Counts One, Three, Four and Five of the Indictment. (Case No. 3:06cr87: Doc. No. 183: Sent. Hr'g Tr. at 2-3). Based on Petitioner's answers to the Court at the sentencing hearing as well as his answers to the magistrate judge at the Plea and Rule 11 hearing, the Court found that Petitioner's plea was knowingly and voluntarily made with an understanding of the charges and the consequences of his plea. The Court then accepted Petitioner's guilty pleas. (Id. at 3). Pursuant to the parties' stipulation that the factual basis for the Petitioner's guilty pleas could be established by the offense conduct in the Presentence Report (PSR), the Court found there was a factual basis to support Petitioner's guilty pleas. (Id.). The Court also confirmed that Petitioner had read, understood and reviewed the PSR with counsel. (Id. at 3-4).

Petitioner's counsel advised the Court that Petitioner would not pursue the objections lodged to the PSR in view of the Government's filing of a §5K motion for a downward departure. (Id. at 4). The Court found that Petitioner's offense level was 34 and criminal history category was VI, yielding an advisory sentencing range of 322 to 387 months. (Id. at 4-5). Based on Petitioner's substantial assistance, the Government filed a motion requesting a downward departure to 216 months. (Id. at 6-9; Case No. 3:06cr97, Doc. No. 97: Motion). The Court granted the Government's motion pursuant to §5K and 18 U.S.C. § 3553(e). (Id. at 9).

Petitioner's counsel argued for a significant reduction below the 216 months based on Petitioner's diligence in cooperating with the Government before and during custody and providing detailed information to agents with and without counsel present. (Id. at 9-14). Counsel also noted Petitioner's significant health problems as a basis for departure. (Id. at 13-14). The Court then sentenced Petitioner to 156 months on each of Counts One and Three and 120 months on Count Five to run concurrently with each other. The Court imposed 60 months on Count Four to be served consecutively to the other terms, for a total of 216 months' imprisonment. (Id. at 19). Judgment was entered on September 11, 2007.[1] (Case No. 3:06cr87; Doc. No. 101: Judgment). Petitioner did not file a direct appeal of the conviction and sentence.

On July 18, 2008, Petitioner filed the instant Motion to Vacate alleging ineffective assistance of counsel including, among other claims, for violations of the Second and Fourth Amendments and prosecutorial misconduct. (Doc. No. 1). Specifically, Petitioner contends that

---

[1] The Judgment was amended October 29, 2007, to correct the spelling of Petitioner's last name. (Case No. 3:06cr87: Doc. No. 120: Amended Judgment).

his counsel was ineffective for failing to file an appeal on his behalf [2] and for failing to pursue a plea agreement with the Government. Petitioner also argues that the search of his residence constituted a violation of the Fourth Amendment because he did not consent to the search. He claims his Second Amendment right to bear arms coupled with another occupant's admitted ownership of the firearm makes him not responsible for the possession of the firearm. Petitioner also argues his counsel was ineffective in connection with these claims. Finally, Petitioner alleges prosecutorial misconduct based upon the Government's prosecution of the charged violations in light of Georgia v. Randolph, 547 U.S. 103 (2006).

On August 27, 2008, the Court denied Petitioner's motion for a sentence reduction (Case No. 3:06cr87, Doc. No. 126) based on amendments to the guidelines relating to crack cocaine offenses. (Id., Doc. No. 149: Order). Because Petitioner filed a direct appeal of that Order, the Court stayed this civil action pending the Fourth Circuit's review. (Doc. No. 8). The stay was lifted on May 7, 2010, upon the conclusion of the criminal appeal.

The Government filed two motions for summary judgment in connection with the claims in the instant Motion to Vacate. (Doc. Nos. 5 and 19). On December 8, 2010, the Court provided Petitioner with a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) advising him to respond and offer any evidence in opposition to the Government's motion within thirty days. (Doc. No. 20). Petitioner did not file a response or submit any evidence.

The Court has reviewed the Motions for Summary Judgment as well as the entire record in this case and concludes that Petitioner's Motion to Vacate should be denied for the reasons stated in the Government's Motions for Summary Judgment.

---

[2] In response to this claim, the Government submitted an affidavit from Petitioner's trial counsel and a document, signed by Petitioner, advising him of his right to appeal and waiving that right. (Doc. No. 4-4). Petitioner submitted nothing to refute this evidence.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED and DISMISSED** (Doc. No. 1);

(2) the Government's Motions for Summary Judgment (Doc. Nos. 5 and 19) are **GRANTED**; and

(3) pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: February 11, 2011

Robert J. Conrad, Jr.
Chief United States District Judge