IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CR-00087-RJC-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANNY BECKHAM (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on the First Step Act of 2018. (Doc. No. 248).

The defendant pled guilty to conspiring to possess with intent to distribute at least 500 grams of cocaine and at least 50 grams of cocaine base (Count One), possessing with intent to distribute at least 50 grams of cocaine base (Count Three), possessing a firearm in furtherance of a drug trafficking offense (Count Four), and possessing a firearm as a felon (Count Five). (Doc. No. 182: Plea Tr. at 3-9). Combined with his prior drug trafficking conviction, (Doc. No. 34: 21 U.S.C. § 851 Notice), the statutory range of punishment for Counts One and Three was 240 months to life imprisonment. (Id. at 5-6). At the sentencing hearing, the Court found the defendant to be a Career Offender, granted the government's motion for a downward departure, and sentenced him to 156 months on Counts One and Three, 120 concurrent months on Count Five, and 60 consecutive months on Count Four, for a total of 216 months' imprisonment, followed by 10 years' supervised release. (Doc. No. 120: Amended Judgment at 2; Doc. No. 183: Sent. Hr'g Tr. at 4-5, 19).

Under the First Step Act, the Court has discretion to impose a reduced sentence as if the Fair Sentencing Act of 2010 had been in place at the time of the original offense was committed. First Step Act of 2018, Pub. L. 115-135, § 404 (2018). Here, the defendant's admitted drug quantity of at least 500 grams of cocaine and at least 50 grams of cocaine base, combined with his prior drug trafficking conviction, would still be punishable by up to life imprisonment under the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(B) (2010), resulting in the same advisory guideline range as used in the original sentencing hearing, USSG §4B1.1. (Doc. No. 253: Supplement to Presentence Report at 2).

Accordingly, the Court will not exercise its discretion to reduce his sentence. Sections 404(b) and (c) of the Act specify that a court "may," but is not required to, impose a reduced sentence. The Court has considered the self-improvement courses completed by the defendant while incarcerated, but also the several disciplinary actions for possessing drugs/alcohol, possessing non-hazardous and hazardous tools, and exchanging money for contraband. (Doc. No. 253: Supplement to Presentence Report at 3). Additionally weighing the defendant's extensive criminal history, which began at age 17 and includes violent, drug trafficking, and weapons offenses, as well as revocations of probation and parole, (Presentence Report at 13-21), and the possession of a firearm in the instant drug trafficking offense, the Court continues to find that a sentence of 216 months' imprisonment, followed by 10 years' supervised release, is sufficient, but not greater than necessary, to accomplish the

goals of sentencing in 18 U.S.C. § 3553(a), for the reasons stated at the sentencing hearing. (Doc. No. 183: Sent. Hr'g Tr. at 17-18).

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 248), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: June 27, 2019

Robert J. Conrad, Jr.
United States District Judge