IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CR-00087-RJC-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANNY BECKHAM (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon limited remand from the United States Court of Appeals for the Fourth Circuit, (Doc. No. 267: Order), for the purpose of addressing the defendant's motion for reconsideration, (Doc. No. 256), on the merits. For the reasons stated below, the Court will deny the motion.

I.  BACKGROUND

The defendant pled guilty on July 31, 2006, to conspiring to possess with intent to distribute at least 500 grams of cocaine and at least 50 grams of cocaine base (Count One), possessing with intent to distribute at least 50 grams of cocaine base (Count Three), possessing a firearm in furtherance of a drug trafficking offense (Count Four), and possessing a firearm as a felon (Count Five). (Doc. No. 182: Plea Tr. at 3-9). Combined with his prior drug trafficking conviction, (Doc. No. 34: 21 U.S.C. § 851 Notice), the statutory range of punishment for Counts One and Three was 240 months to life imprisonment. (Doc. No. 182: Plea Tr. at 5-6).

At the sentencing hearing on August 30, 2007, the Court found the defendant to be a Career Offender, granted the government's motion for a downward

departure, and sentenced him to 156 months on Counts One and Three, 120 concurrent months on Count Five, and 60 consecutive months on Count Four, for a total of 216 months' imprisonment, followed by 10 years' supervised release. (Doc. No. 120: Amended Judgment at 2; Doc. No. 183: Sent. Hr'g Tr. at 4-5, 19).

Over the years, the defendant pro se filed motions to reduce his sentence, (Doc. Nos. 126, 195), which the Court denied, (Doc. No. 149, 220). His motion to vacate under 28 U.S.C. § 2255, (Doc. No. 146), was also denied by this Court, (Doc. No. 185). His appeal, (Doc. No. 152), was dismissed by the Fourth Circuit, (Doc. No. 170).

Then in 2018, the First Step Act was signed into law, giving the Court discretion to impose a reduced sentence as if the Fair Sentencing Act of 2010 had been in place at the time the original offense was committed. First Step Act of 2018, Pub. L. 115-135, § 404 (2018). On March 18, 2019, the defendant pro se filed a motion for a sentence reduction under the Act. (Doc. No. 248). The Court considered the merits of the motion, acknowledging its discretion to reduce the sentence, but declining to do so based on a finding that the original sentence was sufficient, but not greater than necessary, to accomplish the goals of sentencing in 18 U.S.C. § 3553(a).[1] (Doc. No. 254: Order at 2-3).

---

[1] In the instant motion for reconsideration, counsel mischaracterizes the Court's ruling as finding the defendant was not eligible for relief. (Doc. No. 256 at 5-7). Counsel repeated the mischaracterization in the motion for limited remand before the Fourth Circuit seeking the opportunity for this Court "to consider the merits of the First Step Act motion." (Doc. No. 267 at 4).

On July 8, 2019, the defendant through counsel from the Federal Defender's Office filed the instant motion for reconsideration. (Doc. No. 256). Three days later, he filed a Notice of Appeal. (Doc. No. 257). The Court denied the motion for reconsideration without prejudice, finding that it lost jurisdiction when the defendant sought appellate review of the same decision. (Doc. No. 266: Order). The defendant, with the government's agreement, sought limited remand for this Court to address the merits of counsel's legal arguments in the motion for reconsideration, which the Fourth Circuit granted. (Doc. No. 267 at 1,4). After the Court ordered additional briefing, (Doc. No. 268), the government, with the defendant's agreement, sought to hold this case in abeyance pending the Fourth Circuit's decision in United States v. Chambers, 19-7104, which involves similar Career Offender issues. (Doc. No. 269). The Court declined to stay the case, (Doc. No. 270), and the government filed it response to the motion for reconsideration, (Doc. No. 271), to which the defendant did not reply. Accordingly, this matter is ripe for disposition.

## II. DISCUSSION

### A. Career Offender Designation

In the original Order denying the defendant's pro se First Step Act motion on the merits, the Court found that the defendant's admitted drug quantity of at least 500 grams of cocaine and at least 50 grams of cocaine base, combined with his prior drug trafficking conviction, would still be punishable by up to life imprisonment under the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(B) (2010), resulting in the

3

same advisory guideline range as used in the original sentencing hearing, USSG §4B1.1. (Doc. No. 254: Order at 2; see also Doc. No. 253: Supplement to Presentence Report at 2). In the motion for reconsideration, the defendant through counsel faults that conclusion by arguing he would not qualify as a career offender today in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc). (Doc. No. 256 at 7-10). The government responds that the limited relief in the First Step Act of applying statutory penalties in the Fair Sentencing Act does not open the door to Simmons relief in a plenary resentencing under today's legal authority. (Doc. No. 271 at 4-8). This issue appears to be under consideration by the Fourth Circuit. (No. 19-7104, Doc. No. 33: Reply Brief at 2-3 (noting the question of whether to calculate the guideline range using the case law in effect at the time of sentencing in determining relief under the First Step Act)). The Chambers case was argued January 28, 2020, (Id., Doc. No. 40); therefore, there is no controlling precedent yet.

The Fourth Circuit has decided that 18 U.S.C. § 3582(c)(1)(B) "is the appropriate vehicle for a First Step Act motion." United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019). Under § 3582(c), a court may "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," § 3582(c)(1)(B), and may reduce a sentence based on a guideline range subsequently lowered by the Sentencing Commission, if consistent with policy statements issued by the Commission, § 3582(c)(2). Wirsing, 943 F.3d at 183. The Fourth Circuit recognized that "the very purpose of the First Step Act is to make the Fair

4

Sentencing Act retroactive." Id. at 184. Thus, it satisfies the "narrow exception to finality" in § 3582(c)(1)(B) because the Act expressly permits a court to modify a term of imprisonment. Id. Additionally, the ability under Federal Rule of Criminal Procedure 43(b)(4) to act without the defendant's presence where a § 3582(c) sentence reduction is involved reflects the limited scope of such proceedings; thus, he is not entitled to a full resentencing.[2] United States v. Shelton, 3:07-cr-329, 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019).

Applying those principles to this case leads the Court to conclude the motion for reconsideration is not well taken. In its prior ruling, the Court satisfied the First Step Act by retroactively applying the reduced penalties in the Fair Sentencing Act under § 3582(c)(1)(B), as expressly provided. (Doc. No. 254: Order at 2). The Sentencing Commission had not altered the guideline range on which the original sentence was based; therefore, there was no occasion to revisit the defendant's Career Offender designation under § 3582(c)(2).[3] The Court considered the defendant's positive and negative post-sentencing conduct, weighed his extensive criminal history, and ultimately concluded that the original sentence was

---

[2] Accordingly, the Court will not grant the defendant's alternative request, (Doc. No. 256 at 13-14), to conduct a hearing in his presence on the appropriate sentence.

[3] Additionally, the Fourth Circuit recently recognized that "a 'fundamental defect or a complete miscarriage of justice' has not occurred where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme'" without the benefit of Simmons. Braswell v. Smith, --- F.3d ---, 2020 WL 1035652, at *7 (4th Cir. 2020) (quoting United States v. Foote, 784 F.3d 931, 932, 941 (4th Cir. 2018).

5

sufficient, but not greater than necessary, to accomplish the goals of sentencing in 18 U.S.C. § 3553(a). (Id. at 2-3). Therefore, counsel's legal argument faulting the Court's exercise of discretion is without merit.

B.  Section 3553(a) Factors

Even if the Court were found in error on the Chambers issue, the Court would impose the same sentence by varying upward from the advisory guideline range as calculated in light of Simmons. As the Court detailed in summary form in the original Order, (Doc. No. 254 at 2-3), which incorporated by reference the individualized assessment and reasons for the particular sentence articulated at the August 2007 hearing, (Doc. No. 183: Sent. Hr'g Tr. at 17-18), one of the primary purposes of this sentence must be to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C). For example, when released on conditions after previous convictions, he has been found in violation at least 5 times.[4] (Presentence Report ¶¶ 56, 62, 66, 70, 72). Thus, the Court has no confidence that a reduced sentence would accomplish the purposes of sentencing in § 3553(a); rather, the imposed sentence is necessary to promote respect for the law, afford adequate deterrence, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A), (B).

In the instant motion, the defendant argues the sentence creates an unwarranted sentencing disparity with others sentenced today and with some who received downward variances from the Career Offender guideline range under the

---

[4] Some cases had multiple revocations.

First Step Act. (Doc. No. 256 at 10-12). The defendant has not shown any meaningful comparison to particular offenses and defendants to judge whether the alleged disparity is unwarranted. Accordingly, a reduced sentence is not necessary to accomplish that purpose of sentencing in § 3553(a)(6).

### III. CONCLUSION

The Court has considered the merits of counsel's motion to reconsider the denial of the defendant's pro se motion for a reduced sentence under the First Step Act. The Court finds that it followed proper procedure in reaching that decision and that it would have reached the same decision under current legal authority.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to reconsider, (Doc. No. 256), is **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, the Federal Defender, the United States Attorney, and the Clerk of the United States Court of Appeals for the Fourth Circuit.

Signed: March 27, 2020

Robert J. Conrad, Jr.
United States District Judge